UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ORLANDO ADAMES,                    :     MEMORANDUM DECISION
                                   :          AND ORDER
                                   :      07 Civ. 4021 (GBD)
               Plaintiff,          :
                                   :
       -against-                   :
                                   :
NEW YORK CITY DEPARTMENT OF        :
CORRECTIONS,                       :
                                   :
               Defendant.          :
------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

*Pro se* plaintiff, Orlando Adames, commenced this action, pursuant to 42 U.S.C. § 1983 and the Fifth, Eighth, and Fourteenth Amendments, against the New York City Department of Corrections ("DOC"), alleging inadequate conditions of confinement while incarcerated at the George R. Vierno Center ("GRVC") on Riker's Island. To maintain a cause of action under 42 U.S.C. § 1983, plaintiff must allege: (i) a violation of a federal statute or constitutional right and (ii) must show that the alleged deprivation was committed by a person "acting under the color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff alleges overcrowding, abuse of solitary confinement, lack of recreational opportunities, inadequate supplies for personal hygiene, inadequate access to the law library, overly restricted visitation periods, and exposure to unnecessary health risks.

Defendant moved to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the only defendant DOC is not a suable entity; (2) plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e; (3) plaintiff lacks standing to bring certain claims; (4) plaintiff failed

to state a § 1983 claim as his claims do not rise to the level of a constitutional deprivation; and, (5) plaintiff failed to file requisite notice of supplemental claims for money damages under state law.

During plaintiff's detention at the GRVC, he served as a member of the Inmate Liason Committee. Plaintiff alleges numerous problems with confinement conditions while he was incarcerated at the GRVC as a pretrial detainee. Plaintiff contends that in his capacity as an inmate representative, plaintiff frequently met with the facility's warden and other lesser officials, and during such meetings made several complaints on behalf of himself and the inmate population regarding the conditions there. Plaintiff alleges that he filed formal grievances concerning all of these issues. Plaintiff alleges that after receiving no response to his grievances, he filed repeated grievances about the same issues. After filing several rounds of grievances, plaintiff alleges that he was told to "stop filing complaints or else." Compl. 4. Plaintiff further alleges that he brought all of the same issues to the attention of the warden of GRVC during an inmate counsel meeting. Plaintiff is no longer being held at the GRVC and is now in state custody at the Oneida Correctional Facility in Rome, New York. Without elaborating, plaintiff argues that he made reasonable attempts to pursue his grievances to the next level, but that they were met with silence by defendants.

Plaintiff never fully exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, bars litigation in federal courts by inmates complaining about prison conditions pursuant to 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted." Id. § 1997e(a). This exhaustion requirement is mandatory, requiring a plaintiff to pursue all available administrative review to the highest level of authorized officials before filing a federal action, and applies "to all inmate suits about prison life, whether they

involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); see also Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004).

Exhaustion is required even when the relief sought, like money damages, is unavailable through administrative channels. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83 (2006). Where such administrative procedures exist, a plaintiff's failure to exhaust may not be excused except where defendants have forfeited the defense of exhaustion, defendants themselves have inhibited exhaustion, or other "special circumstances" justify the plaintiff's failure to comply with the procedures. Macias v. Zenk, 495 F.3d 37, 41 (2d Cir. 2007). In Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004), the Second Circuit articulated a three-part inquiry courts must conduct in reviewing a defense of a prisoner's failure to exhaust administrative remedies. The court must examine whether: (1) such remedies were in fact available to the inmate; (2) the defendants may have forfeited the defense by failing to preserve it; and, (3) the defendants' own actions inhibited the prisoner from exhausting available remedies and thus estop defendants from asserting plaintiff's failure to exhaust. See id. at 686.

Here, the established administrative remedies of the DOC were available to plaintiff at GRVC. The DOC addresses inmate grievances through its Inmate Grievance Resolution Program ("IGRP"), which has a five-step procedure. (Decl. of Deborah A. Dorfman 6-7 (citing 7 N.Y.C.R.R. § 701).) This process applies to grievances that concern facility conditions. See, e.g., Wesley v. Hardy, 2006 WL 3898199 (S.D.N.Y. 2006). First, an inmate must file a grievance with the Inmate Grievance Review Committee ("IGRC"). The IGRC must attempt to resolve the grievance informally within five days. Second, if the grievance is not thereby resolved, the inmate may request a formal hearing, and the IGRC must issue a recommendation within three

working days. Third, the inmate may appeal the IGRC's recommendation to his warden, who is required to render a decision within five working days. Fourth, the inmate may appeal the warden's decision to the Central Office Review Committee ("CORC"), which is to render a decision within fifteen working days. Finally, the CORC's decision may be appealed to the Board of Correction, which renders a final decision. See, e.g., Bligen v. Griffen, 2007 WL 430427 (S.D.N.Y. 2007).

Plaintiff availed himself of only the first step in the established grievance procedure, by filing an initial grievance. Plaintiff did not obtain a response, nor did he request a formal hearing. Instead, plaintiff alleges that he followed up his initial grievances by filing repeated grievances regarding the same conditions. Plaintiff further alleges that he presented all of his grievances to the warden. The Second Circuit recently held that filing claims to "'[a]lert the prison officials as to the nature of the wrong for which redress is sought' . . . does not constitute 'proper exhaustion.'" Macias, 495 F.3d at 37 (quoting Braham v. Clancy, 425 F.3d 177, 184 (S.D.N.Y. 2005) (overruled in part by this case) and citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2388 (2006)) (holding that plaintiff "cannot satisfy the PLRA's exhaustion requirement solely by filing two administrative tort claims, or by making informal complaints to the MDC's staff"). The Second Circuit reasoned that "notice alone is insufficient because '[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance' and '[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.'" Id. (citing Woodford, 126 S.Ct. at 2388). Plaintiff has not given the IGRP its full opportunity to resolve the grievances.

4

Although plaintiff may have grieved several issues multiple times, he did not pursue any of the subsequent four steps in the grievance resolution process. Plaintiff failed to exhaust the DOC's five-step grievance procedure. The IGRP directive states that "if the [initial] grievance is not informally resolved, the inmate may request a formal hearing." (Decl. of Deborah A. Dorfman 6 (citing 7 N.Y.C.R.R. § 701).) Plaintiff never requested such a hearing. Plaintiff failed to establish that he made reasonable effort to exhaust administrative procedures. See Arce v. Keane, 2004 WL 439428 (S.D.N.Y. 2004). There is no evidence that the defendant waived its exhaustion defense, or prevented or frustrated plaintiff's attempt to fully utilize the grievance procedure. No special circumstances exist that would justify his failure to follow the DOC grievance procedures. Plaintiff simply did not comply with the PLRA's exhaustion requirement.[1]

Defendant's motion to dismiss is GRANTED. This case is DISMISSED.

Dated: New York, New York
July 11, 2008

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] To the extent that plaintiff seeks to assert claims against the DOC as sole defendant, the DOC would be a non-suable entity. The proper defendant would be the City itself. See N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law."); Hyde v. Arresting Officer Caputo, No. 98 Civ. 6722, 2001 WL 521699, at *2 (E.D.N.Y. May 11, 2001); Morris v. New York City Police Department, No. 98 Civ. 6607, 1999 WL 1201732, at *3 (S.D.N.Y. Dec. 14, 1999).